IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

TERRY WADE HALE,

                       Petitioner,

        -vs-

WARDEN D.W. GRAY,

                       Respondent.

Case No. 5:18 CV 2771

ORDER ADOPTING
REPORT AND RECOMMENDATION

JUDGE JACK ZOUHARY

Petitioner Terry Hale seeks a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Magistrate Judge Carmen Henderson issued a Report and Recommendation ("R&R") (Doc. 19), concluding the Petition should be dismissed.  Hale timely objected (Doc. 20).  Having reviewed the R&R and objections *de novo*, this Court adopts the R&R in its entirety.  *See Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981); 28 U.S.C. § 636(b)(1).

### BACKGROUND

Hale makes no objection to the procedural history set forth in the R&R (*see* Doc. 19 at 3–9). In short, an Ohio jury found Hale guilty of one count of illegal manufacture of methamphetamine, one count of aggravated possession, and one count of illegal use or possession of the same (*id.* at 3–5).  Hale unsuccessfully appealed, arguing the trial court erred in denying his motion to suppress (*id.* at 5).  Hale later moved for a new trial, requested to reopen his appeal, and eventually appealed to the Ohio Supreme Court (*id.* at 5–9).  Each action proved unsuccessful (*id.* at 5–8).  Hale then filed this Petition, asserting two grounds for relief:  (1) the trial court erred in denying his motion to suppress; and (2) he was deprived of effective assistance of counsel on his direct appeal (Doc. 19 at 1–2).

The R&R found both claims to be meritless.  In his objection, Hale reargues the claims for ineffective assistance of appellate counsel, and asserts the R&R misunderstood his Fourth Amendment claim.

## DISCUSSION

### *Ineffective Assistance of Counsel*

Hale claims appellate counsel was deficient for failing to argue certain issues, including the basis of his warrantless arrest and the school-location sentencing enhancement (Doc. 20 at 4).  To prevail, Hale must show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 694 (1984).  Though Hale failed to include any particular omission by counsel in his Petition (*see* Doc. 1 at 5), the R&R generously reviewed four potential assignments of error taken from Hale's motion to reopen the appeal.  In his Objection, Hale reiterates three of those points, each of which was thoroughly and carefully addressed in the R&R (Doc. 20 at 4).

**One.**  Hale argues the evidence stemming from his arrest should have been suppressed because he did not receive a prompt probable-cause determination.  But the evidence underlying Hale's conviction was obtained through a valid search warrant -- unrelated to Hale's warrantless arrest (Doc. 19 at 18–19).  Because there is not a reasonable probability Hale would have prevailed on this claim on appeal, counsel's failure to raise the argument does not amount to ineffective assistance.  *See McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004).

**Two.**  Hale argues counsel should have challenged various evidentiary and discovery decisions (Doc. 5-1 at 112).  The R&R found this claim to be similarly meritless (Doc. 19 at 20).  Hale reasserts the evidence was insufficient to show the school was within one thousand feet of the property (Doc. 20 at 3).  But the Government produced ample evidence of the school's location.

2

The trial court, in its discretion, made several reasonable evidentiary rulings. Because Hale cannot demonstrate a reasonable probability that any of those decisions would be overturned on appeal, his counsel was not ineffective for failing to raise them. *Greer v. Mitchell,* 264 F.3d 663, 676 (6th Cir. 2001).

**Three.** Hale alleges ineffective assistance due to counsel's failure to challenge alleged sentencing errors (Doc. 20 at 4). Again, the R&R outlines the state appellate court's reasonable determination that each argument in support of this claim was meritless, and therefore counsel had no cause to raise it on appeal (Doc. 19 at 28). This Court agrees.

### Fourth Amendment Violation

Hale next asserts that his Fourth Amendment rights were violated because he was arrested without a warrant or reasonably prompt determination of probable cause, assumedly through a preliminary hearing (Doc 17 at 13). Hale's objection contends that the R&R did not properly address the issue (Doc. 20 at 4). To the contrary, the R&R addressed this argument, and correctly found any cognizable claim on this issue is moot (Doc. 19 at 30–31).

First, this claim is not cognizable on habeas review. *See Harding v. Russell*, 156 F. App'x 740, 745 (6th Cir. 2005) (noting habeas relief is unavailable where the state provided petitioner "with adequate procedural mechanisms in which to pursue his Fourth Amendment claim"). Second, Hale was indicted by a grand jury, rendering any constitutional claim moot. *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) ("[I]llegal arrest or detention does not void a subsequent conviction."). *See also Ohio v. Washington*, 30 Ohio App.3d 98, 99 (1986) ("[T]he general rule is that a subsequent indictment by the grand jury renders any defects in the preliminary hearing moot."); *Ohio v. Pugh*, 53 Ohio St.2d 153, 159 (1978) (Brown J., concurring) ("[F]ailure to provide a preliminary hearing has no effect upon a conviction resulting from an indictment and trial.").

3

Hale provides a single case allegedly in support of his proposition that because the Government did not bring him before a magistrate within 48 hours of his arrest, he is entitled to release or a new trial. True, *Radvansky v. City of Olmsted Falls* held that "after-the-fact grand jury involvement cannot serve to validate a prior arrest."  395 F.3d 291, 307 n.13 (6th Cir. 2005).  But, as noted by the trial court, Hale's arrest was supported by probable cause and needs no subsequent validation (Doc. 5-1 at 15). More importantly, *Radvansky* was a Section 1983 damages action; Section 2254 is not the appropriate vehicle to advance such a claim.

## CONCLUSION

This Court adopts the R&R (Doc. 19) in its entirety.  The Objection (Doc. 20) is overruled, and the Petition (Doc. 1) is denied.  As outlined in the R&R (Doc. 19 at 31–32), Hale has not made a substantial showing that he was denied a constitutional right, meaning there is no basis upon which to issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2).  Further, an appeal from this Order could not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

_____*s/ Jack Zouhary*_____
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 24, 2022

4